IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER ANDREW STINSON,<br><br>Defendant. | Criminal No. 1:25-CR-209 |

### GOVERNMENT'S REPLY

The United States replies in support of its Motion to Dismiss the Indictment, ECF No. 49, and in opposition to defense's request, in its Response to the government's Motion to Dismiss, that the dismissal in this case be with prejudice. *See* ECF No. 50. The government respectfully requests that the Court dismiss the Indictment filed on July 10, 2025, without prejudice.

On June 13, 2025, Magistrate Judge Lindsey R. Vaala signed an arrest warrant for the defendant after finding probable cause in a Criminal Complaint issued in support of the arrest warrant that the defendant had violated 18 U.S.C. § 871, which prohibits threatening to harm or kill the President of the United States. ECF Nos. 1, 7. On July 1, 2025, during a preliminary hearing, Magistrate Judge Ivan D. Davis found probable cause existed that the defendant had violated 18 U.S.C. § 871 based on the Complaint. ECF No. 30.  On July 10, 2025, a grand jury in this district determined probable cause existed to indict the defendant on two counts of violating 18 U.S.C. § 871. ECF No. 32.  After a reconsideration of the evidence, on August 13, 2025, the government presented the Superseding Indictment to the grand jury in this district removing the two prior counts charging 18 U.S.C. § 871, and proceeding only on one count of Solicitation of a

Crime of Violence, in violation of 18 U.S.C. § 373. On August 13, 2025, a grand jury in this district found probable cause existed and indicted the defendant on the one-count Superseding Indictment. ECF No. 45. Accordingly, the government moved to dismiss the July 10, 2025, two-count Indictment. ECF No. 49.

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." The district court has discretion to deny the government's Motion, though the discretion "is not broad." *United States v. Goodson*, 204 F. 3d 508, 512 (4th Cir. 2000). "[T]he court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith." *Id*. (citing *Rinaldi v. United States*, 434 U.S. 22, 30 (1977)).

Here, the government has not acted in bad faith, but rather exercised prosecutorial discretion. As the Fourth Circuit has explained, "before trial, the prosecutor's assessment of the proper extent of prosecution may not have crystallized [ ] and the prosecutor retains the freedom to reassess the case and bring new charges if they are warranted." *United States v. Villa*, 70 F. 4th 704, 710 (4th Cir. 2023) (internal quotation marks and citations omitted). After indicting the defendant on violations of 18 U.S.C. § 871, the government reassessed its charges against the evidence and exercised its prosecutorial discretion in superseding on a different charge that more accurately captures the defendant's conduct.

The Fourth Circuit has stated that dismissal with prejudice is a "harsh remedy" and a "significant event," as it "override[s] the interests of victims and the public interest in the enforcement of the criminal law." *United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000) (*citing United States v. Derrick,* 163 F. 3d 799, 807 (4th Cir.1998). Here, this "harsh remedy" is

2

not appropriate. For these reasons, the United States respectfully requests that the Court dismiss the criminal complaint in the above-captioned case without prejudice.

Date: August 20, 2025

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:     /s/
Sehar F. Sabir
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, with automatically generated a Notice of Electronic Filing to counsel of record in this case.

                                                    /s/
                                      Sehar F. Sabir
                                      Assistant United States Attorney