IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PETER ANDREW STINSON,<br><br>Defendant. | Criminal No. 1:25-CR-209 |

SUPPLEMENT TO REPLY IN SUPPORT OF GOVERNMENT'S MOTION *IN LIMINE*

On October 2, 2025, the United States filed its Reply in support of its Motion *In Limine* To Preclude Improper Defense Arguments (ECF No. 60). Because of a lack of coordination within the United States Attorney's Office, the Reply that was filed last night omitted authorities that might be helpful to the Court in resolving the motion. This supplement includes those omitted authorities. Defense counsel stated that they do not oppose our filing this pleading.

As we argued in our reply, this case is not about whether Stinson's statement is a solicitation to commit a crime of violence (on the one hand), as opposed to (on the other hand) abstract advocacy of violence that doesn't incite imminent lawless action. To the contrary, the imminence of the risk of harm caused by the solicitation is irrelevant to Stinson's culpability for making the solicitation in the first place.

That principle is manifest in past solicitation prosecutions. We are not aware of many prosecutions in this district involving Section 373. In *United States v. Al-Timimi*, 1:04cr 385 (E.D.Va. 2005), however, the defendant was charged with soliciting others to levy war against the United States, in violation of 18 U.S.C. §§ 373 and 2381. There, Judge Brinkema instructed the jury that the First

Amendment did not protect the defendant for speech that risked imminent harm, *or* speech that constituted criminal activity in and of itself:

> In sum, the First Amendment protections of speech, religious activity, or association are not absolute and may not protect a person from criminal prosecution if that speech, religious activity, or association was intended to generate or was likely to generate imminent criminal action by others **or** constituted criminal activity in and of itself.

*Al-Timimi,* (Transcript from April 18, 2005, at p.2339)[1] (emphasis added). Because Stinson's speech constituted criminal solicitation in and of itself, the same principle applies here.

The First Amendment "does not provide a defense to a criminal charge simply because the actor uses words to carry out his illegal purpose. Crimes . . . frequently involve the use of speech as part of the criminal transaction." *Rice v. Paladin Enterprises, Inc.,* 128 F.3d 233, 245-46 (4th Cir. 1997) (the law is now "well established that the First Amendment, and *Brandenburg*'s 'imminence' requirement in particular, generally poses little obstacle to the punishment of speech that constitutes criminal aiding and abetting, because culpability in such cases is premised, not on defendants' 'advocacy' of criminal conduct, but on defendants' successful effort to assist others by detailing to them the means of accomplishing the crimes").

As Judge Brinkema wrote in another (a bit more recent) case:

> Although it is true that the First Amendment protects advocating for the use of force, *see Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969), the First Amendment does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent.

*United States v. Young*, 260 F.Supp.3d 530, 545 (E.D. Va. 2017), *aff'd* 916 F.3d 368 (2019).[2]

---

[1] While the instruction was given 20 years ago, the instruction is found at Page 184 of Volume 10 of the Joint Appendix that Stinson's defense counsel recently filed for the *Al-Timimi* appeal - - which is set for oral argument at the Fourth Circuit later this month.

[2] Internal and parallel citations and quotations are omitted throughout this pleading.

Accordingly, the First Amendment does not protect speech that establishes the elements of a crime - - such as a solicitation of the assassination of the President.

As the Second Circuit stated in another solicitation case:

> It remains fundamental that while the state may not criminalize the expression of views-- even including the view that violent overthrow of the government is desirable-- **it may nonetheless outlaw** encouragement, **inducement,** or conspiracy **to take violent action.**

*United States v. Rahman,* 189 F.3d 88, 115 (2d Cir. 1999) (emphasis added).

In *Rahman,* the Second Circuit also wrote:

> [F]reedom of speech and of religion do not extend so far as to bar prosecution of one who uses a public speech . . . to commit crimes. Numerous crimes under the federal criminal code are, or can be, committed by speech alone. . . . Section 373, with which Abdel Rahman was charged, makes it a crime to "solicit[], command[], induce[], or otherwise endeavor[] to persuade" another person to commit a crime of violence. 18 U.S.C. § 373(a).
>  \*     \*     \*
> Notwithstanding that political speech and religious exercise are among the activities most jealously guarded by the First Amendment, one is not immunized from prosecution for such speech-based offenses merely because one commits them through the medium of political speech . . . Of course, courts must be vigilant to insure that prosecutions are not improperly based on the mere expression of unpopular ideas. **But if the evidence shows that the speeches crossed the line into criminal solicitation . . . the prosecution is permissible**.

*Rahman,* 189 F.3d at 117 (emphasis added).

Thus, if the defendant's words constituted the solicitation of the assassination of the president, then that solicitation may constitute a crime regardless of whether the risk of assassination was imminent. Since the defendant's guilt or innocence does not depend the imminence of any harm caused by the solicitation, the imminence of that harm is irrelevant to the jury's consideration.

        Respectfully submitted,

        Lindsey Halligan
        United States Attorney

By:      /s/
        Gordon D. Kromberg
        Assistant United States Attorney

VA Bar 33676
 United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Gordon.Kromberg@usdoj.gov

## CERTIFICATE OF SERVICE

I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic copy to any attorneys of record for Defendant.

          /s/
Gordon D. Kromberg
Assistant United States Attorney
VA Bar 33676
 United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Gordon.Kromberg@usdoj.gov